AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | |
|---|---|
| United States of America<br>v.<br>Charity E. Lee<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)       25-MJ-4099<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 2025 to July 10, 2025** in the county of **Monroe** in the **Western** District of **New York**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sections 841(a)(1) and (b)(1)(C) | Possession with intent to distribute fentanyl and cocaine |
| 18 U.S.C. Section 922(g)(1) | Possession of a firearm by a convicted felon |
| 18 U.S.C. Section 924(c)(1)(A)(i) | Possession of a firearm in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:

See the attached affidavit of ATF Task Force Officer Martin Logan.

☑ Continued on the attached sheet.

Affidavit and Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed. R. Crim. P. 4 and 4.1 on:

*Complainant's signature*

Martin Logan, ATF Task Force Officer
*Printed name and title*

Date: August 6, 2025

*Judge's signature*

City and state: Rochester, New York

Hon. Colleen D. Holland, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

CHARITY E. LEE,

                Defendant

25-MJ-4099

STATE OF NEW YORK  )
COUNTY OF MONROE  ) SS:
CITY OF ROCHESTER  )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Martin Logan, being duly sworn, depose and say:

1. I am a Police Detective with the Rochester Police Department and am also as a Task force officer (TFO) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to the New York Field Division, Rochester Field Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is an officer of the United States who is empowered to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516(1).

2. I have been employed as a Police Detective since 2011. Prior to being employed as a Police Detective, I was employed as a Police Officer beginning in 1996 for the City of Rochester, New York Police Department (RPD). My duties as a Police Investigator include investigating violations of state and federal firearms laws such as

1

individuals engaged in illegal firearm trafficking, unlawful possession of firearms, the possession of firearms during the commission of drug trafficking crimes, and other crimes of violence.

3. Additionally, I have been assigned to the ATF as a designated Task Force Officer since approximately 2023. During my tenure with RPD and ATF, I have participated in numerous investigations involving armed individuals who were in violation of federal narcotics laws, including Title 21, United States Code, Sections 841 and 846, and federal firearms laws including Title 18, United States Code, Sections 922 and 924.

## PURPOSE OF AFFIDAVIT

4. This affidavit is submitted in support of a criminal complaint charging CHARITY E. LEE with violating Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) (possession with intent to distribute Cocaine and Fentanyl); Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of drug trafficking); and Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a convicted felon).

5. As more fully described below, the facts in this affidavit are based on a combination of my personal participation in this investigation, review of police reports filed in connection with this investigation, and conversations with other law enforcement officers involved in this investigation. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have only set forth sufficient facts to show that

probable cause exists to believe that CHARITY LEE ("LEE") committed the above-mentioned offenses.

## PROBABLE CAUSE

6. In approximately May 2025, the Rochester Police Department Special Investigations Section (RPD SIS) began investigating illegal narcotics activities at 47 Eiffel Place in the City of Rochester, New York. That investigation determined that the packaging and selling of illegal narcotics was occurring at 47 Eiffel Place, Rochester, NY.

7. More specifically, on approximately five separate occasions during May 2025 through July 2025, members of the RPD SIS utilized confidential informants to make controlled purchases of cocaine directly from 47 Eiffel Place, Rochester, NY.

8. On July 10, 2025 at approximately 9:48 a.m., members of RPD SIS and other law enforcement officers executed a search warrant at 47 Eiffel Place, Rochester, that was issued by Monroe County Court Judge Caroline Morrison.

9. After making entry and securing the location, photographs of the interior and exterior of the location were taken prior to commencement of the search. The doors to the location were barricaded, and LEE was found in the basement of the residence. After the photographs were taken, a search for items authorized in the search warrant was conducted.

10. Officers located approximately 18.44 grams of cocaine in total, both packaged for sale and unpackaged. Additionally, 47 pink and white wax envelopes containing fentanyl were seized as well as 18 suboxone and 15 naloxone strips. Officers also recovered drug paraphernalia including new and unused baggies, plastic vials and wax paper envelopes, as well as electronic scales and a plate with a white

3

residue consistent with cocaine. Signs were also located inside the residence indicating amounts of drugs that were being sold and when they were open for sales.

11. An RPD detective field tested the fentanyl and cocaine that was seized from 47 Eiffel Place and received a positive test result for cocaine and fentanyl independently.

12. Also inside the residence, officers located a Ruger, black Model LCP, 380 caliber, semi-automatic handgun with a serial number 380930272 loaded with 10 rounds of ammunition that was under a couch. Officers also located an additional magazine with six rounds of 9mm ammunition.

13. In addition, approximately $1,438 in US Currency was recovered from the location.

14. Based on my training and experience, drug dealers who possess firearms in the proximity of drugs and large quantities of cash proceeds, do so to protect those drugs and proceeds from theft and, more generally, to further their drug trafficking operations. This is particularly so when the guns are loaded and fully capable of being used in an emergency.

15. Officers transported LEE to the Rochester Public Safety Building. LEE was placed in an interview room which is equipped with audio and video recording. LEE was read her *Miranda* rights from a standard form. LEE said that she understood her rights and agreed to speak with law enforcement. In sum and substance, LEE admitted that she had been selling drugs from 47 Eiffel Place for that last four to six months. She further admitted to moving the previously referenced firearm from the table to under the couch just before the police entered the residence. LEE said that she had the gun for a month or two before the search, she acknowledged handling guns at

the location, and acknowledged that guns were at the location for defensive reasons and protection. She additionally stated that she had handled guns at the location. This interview was video and audio recorded.

### LEE's Prior Felony Convictions

16.  In connection with this investigation, I have reviewed LEE's criminal history, which reflects that LEE is a convicted felon. On or about June 12, 2000, in Monroe County Court, New York, LEE was convicted of Criminal Possession of a Controlled Substance in the Fifth Degree, a class D Felony. On or about January 11, 2021, LEE was convicted of Possession of Cocaine with Intent to Distribute and being a Felon in Possession of a Firearm in the United States District Court for the Western District of New York, both felony offenses. On or about August 15, 2022, LEE was convicted of Possession of Cocaine Base with Intent to Distribute in the United States District Court for the Western District of New York, a felony offense. At the time of her arrest on July 10, 2025, LEE was on Federal Supervised Release through August 31, 2029.

### Interstate Nexus

17.  In connection with this investigation, ATF Special Agent Justin Schaefer, an expert who has testified in federal court regarding the origin of manufacture for firearms and ammunition, was provided a description of the previously described firearm. Based on that description, he determined that the black Ruger, LCP-Series, 380 caliber, semi-automatic handgun with a serial number 380930272 was not manufactured in the State of New York. Therefore, it traveled in

or affected interstate commerce in order to be possessed in Rochester, New York on or about July 10, 2025.

## CONCLUSION

18.     Based on the above information, I submit that probable cause exists to believe that CHARITY E. LEE violated Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) (possession with intent to distribute cocaine and fentanyl); violated Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime); and violated Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a convicted felon).

_____
MARTIN LOGAN
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Affidavit and complaint submitted electronically
by email in .pdf format. Oath administered, and
contents and signature, attested to me as true and
accurate telephonically pursuant to Fed. R. Crim.
P. 4 and 4.1 on August  6 , 2025.

_____
HON. COLLEEN D. HOLLAND
United States Magistrate Judge

6